UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD LAWRENCE,<br><br>    Plaintiff,<br><br>v.<br><br>CYRUSONE INC., DAVID H. FERDMAN, LYNN A. WENTWORTH, ALEX SHUMATE, JOHN W. GAMBLE, JR., T. TOD NIELSEN, DENISE OLSEN, and WILLIAM E. SULLIVAN,<br><br>    Defendants, | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Richard Lawrence ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against CyrusOne Inc. ("CyrusOne" or the "Company") and CyrusOne's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Kohlberg Kravis Roberts & Co. L.P. ("KKR") and Global Infrastructure Management, LLC ("GIP") through their joint affiliate Cavalry Parent L.P. and its subsidiary Cavalry Merger Sub LLC (collectively the "Buyers").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") in December 30, 2021. The Proxy recommends that CyrusOne stockholders vote in favor of a proposed transaction (the "Proposed

1

Transaction") whereby CyrusOne is acquired by the Buyers. The Proposed Transaction was first disclosed on November 15, 2021, when CyrusOne and the Buyers announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which the Buyers will acquire all of the outstanding shares of common stock of CyrusOne for $90.50 per share (the "Merger Consideration"). The deal is valued at approximately $15 billion and is expected to close in the second quarter of 2022.

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the sales process, financial projections prepared by CyrusOne management, the financial analyses conducted by Morgan Stanley & Co. LLC ("Morgan Stanley"), CyrusOne's financial advisor, as well as potential conflicts of interest faced by Morgan Stanley, DH Capital, LLC ("DH Capital"), and CyrusOne insiders.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to CyrusOne's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to CyrusOne's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock

of CyrusOne.

6. Defendant CyrusOne is a corporation organized and existing under the laws of the State of Maryland. The Company's principal executive offices are located at 2850 N. Harwood Street, Suite 2200, Dallas, Texas 75201. CyrusOne common stock trades on the NASDAQ under the ticker symbol "CONE."

7. Defendant David H. Ferdman has been interim President and Chief Executive Officer ("CEO") of the Company since June 30, 2021, and a director of the Company since 2013.

8. Defendant Lynn A. Wentworth is Chair of the Board and has been a director of the Company since 2014.

9. Defendant Alex Shumate is the Company's Lead Independent Director, and is and has been a director of the Company since 2013.

10. Defendant John W. Gamble, Jr. has been a director of the Company since 2014.

11. Defendant T. Tod Nielsen has been a director of the Company since 2013.

12. Defendant Denise Olsen has been a director of the Company since 2021.

13. Defendant William E. Sullivan has been a director of the Company since 2013.

14. Nonparty KKR is a global investment company organized and existing under the laws of the State of Delaware. KKR's principal executive offices are located at 30 Hudson Yards, New York, New York 10001.

15. Nonparty GIP is an infrastructure investment fund organized and existing under the laws of the State of Delaware. GIP's principal executive offices are located at 1345 Avenue of the Americas, 30th Floor, New York, NY 10105.

16. Nonparty Cavalry Parent L.P. is a Delaware limited partnership controlled by funds affiliated with KKR and GIP. Cavalry Merger Sub LLC is a Delaware limited liability company

and a wholly- owned subsidiary of Cavalry Parent L.P.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

18. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

19. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A. Background of the Company and the Proposed Transaction

20. CyrusOne is a fully integrated, self-managed data center real estate investment trust that owns, operates and develops enterprise-class, carrier-neutral, multi-tenant and single-tenant data center properties. The Company provides mission-critical data center real estate assets that protect and ensure the continued operation of information technology infrastructure for approximately 1,000 customers in more than 50 high-performance data centers in 16 markets world-wide, including cities in the United States, France, and Germany.

21. On November 14, 2021, the Company entered into the Merger Agreement with the Buyers.

22. According to the press release issued on November 15, 2021 announcing the

Proposed Transaction:

### CyrusOne to be Acquired by KKR and Global Infrastructure Partners in $15 Billion Transaction

*CyrusOne Common Stockholders to Receive $90.50 Per Share in Cash, Representing a Premium of 25% to CyrusOne's Closing Stock Price of $72.57 on September 27, 2021*

DALLAS--(BUSINESS WIRE)--Nov. 15, 2021-- CyrusOne Inc. (NASDAQ: CONE) (the "Company" or "CyrusOne"), a premier global data center REIT, KKR, a leading global investment firm, and Global Infrastructure Partners ("GIP"), one of the world's leading infrastructure investors, today announced a definitive agreement pursuant to which KKR and GIP will acquire all outstanding shares of common stock of CyrusOne for $90.50 per share in an all-cash transaction valued at approximately $15 billion, including the assumption of debt.

The $90.50 per share purchase price reflects a premium of approximately 25% to CyrusOne's unaffected closing stock price on September 27, 2021, the last full trading day prior to published market speculation regarding a potential sale of the Company.

"This transaction is a testament to the tremendous work by the entire CyrusOne team. We have built one of the world's leading data center companies with a presence across key U.S. and international markets supporting our customers' mission-critical digital infrastructure requirements while creating significant value for our stockholders," said Dave Ferdman, Co-Founder and interim President and Chief Executive Officer of CyrusOne. "KKR and GIP will provide substantial additional resources and expertise to accelerate our global expansion and help us deliver the timely and reliable solutions at scale that our customers value."

"Today's announcement is the culmination of a robust strategic review process conducted by the CyrusOne Board of Directors to determine the best path forward for the Company and maximize stockholder value," said Lynn Wentworth, Chair of the CyrusOne Board of Directors. "This transaction provides CyrusOne stockholders with significant value and simultaneously positions the Company to even better serve its customers to meet their needs in key markets around the world."

"CyrusOne has built one of the strongest data center companies in the world and has a strong track record of development and operational expertise in addition to delivering best-in-class service to its customers. We are excited to work together with the Company's proven team to build on CyrusOne's market leadership and support their customers' growing data center infrastructure requirements," said Waldemar Szlezak, Managing Director at KKR, and Will Brilliant, Partner at GIP. "We see numerous opportunities ahead to continue expanding CyrusOne's

footprint across key global digital gateway markets and look forward to leveraging our global resources, access to long term capital and deep expertise to support the Company's growth."

**Transaction Approvals and Timing**

The transaction, which was unanimously approved by the CyrusOne Board of Directors, is not subject to a financing condition and is expected to close in the second quarter of 2022, subject to satisfaction of customary closing conditions, including regulatory approvals and approval by CyrusOne stockholders.

Upon completion of the transaction, CyrusOne will be a privately held company wholly owned by KKR and GIP and CyrusOne's common stock will no longer be listed on any public market. KKR's investment is being made primarily from its global infrastructure and real estate equity strategies, and GIP's investment is being made from its global infrastructure funds.

## B. The Materially Incomplete and Misleading Proxy

23. On December 30, 2021, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

24. The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Morgan Stanley's fairness opinion, Morgan Stanley "reviewed certain internal financial statements and other business, financial and operating data concerning the Company prepared by the management of the Company." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that CyrusOne's management provided to the Board and Financial Advisor.

25. Notably, Defendants failed to disclose the line item entries that form the basis of the Company's financial forecasts for: (a) Net Operating Income; (b) Adjusted EBITDA; (c) Normalized FFO; and (d) Unlevered Free Cash Flow. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Morgan Stanley's Financial Analyses*

26. With respect to the *Discounted Cash Flow Analysis,* the Proxy fails to disclose: (a) the key data, inputs, and assumptions underlying the range of discount rates of 5.6% to 6.4% applied by Morgan Stanley; and (b) the Company's terminal values.

27. With respect to the *Precedent Transactions Analysis*, the Proxy fails to disclose the specific financial multiples and metrics for each transaction.

28. With respect to the *Analyst Price Target Analysis* and *Net Asset Value* analysis, the Proxy fails to disclose the specific price targets. The Proxy also fails to disclose the estimates of the net asset values studied by Morgan Stanley and the sources thereof.

29. With respect to the *Comparative Public Trading Multiples Analysis*, the Proxy fails to disclose the specific financial multiples and metrics for the companies included in the analysis.

30. With respect to the *Precedent Premiums Paid Analysis*, the Proxy fails to disclose the specific premiums for each of the transactions analyzed by Morgan Stanley included in the analysis.

### *Materially Incomplete and Misleading Disclosures Concerning the Flawed Process*

31. The Proxy also fails to disclose material information concerning the sales process.

32. The Proxy fails to disclose if any of the confidentiality or non-disclosure agreements between the Company and the bidders for the Company contained "don't-ask, don't-

waive" standstill provisions that are preventing parties from coming forward with a topping bid for the sale of the Company.

### *Materially Incomplete and Misleading Disclosures Concerning Potential Conflicts of Interest*

33. The Proxy fails to disclose material information concerning potential conflicts of interest by CyrusOne insiders, including the details concerning discussions and negotiations between KKR or GIP and CyrusOne's management concerning the employment or retention of Company executives by the surviving company, including the parties who engaged in such discussions, where and how they took place, as well as the content of such communications. The Proxy also fails to disclose whether any of the proposals or indications of interest by KKR or GIP contained provisions concerning the employment or retention of Company management within the combined company following the close of the Proposed Transaction or contained mention of the sale or ownership by such management in the equity of the surviving corporation.

34. The Proxy fails to disclose material information concerning potential conflicts of interest by DH Capital, specifically: (a) the amount of DH Capital's compensation for its services; (b) the amount of DH Capital's compensation that is contingent on the consummation of the Proposed Transaction; and (c) the specifics concerning any past services DH Capital has rendered to any of the parties to the Merger Agreement or their affiliates, including the amount of compensation paid to DH Capital for its engagement in providing such past services.

35. This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm,

warranting the injunctive relief sought herein.

36. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

37. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

38. Further, the Proxy indicates that on November 14, 2021, Morgan Stanley reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to CyrusOne stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Financial Advisor's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

39. Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

40. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

41. Defendants have filed the Proxy with the SEC with the intention of soliciting CyrusOne stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

42. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of CyrusOne, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

43. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

44. Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of CyrusOne shares and the financial analyses performed by Morgan Stanley in support of its fairness opinion; (iii) the sales process; and (iv) potential conflicts of interests.

45. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Morgan Stanley reviewed and discussed its financial analyses with the Board on November 14, 2021, and further states that the

Board considered Morgan Stanley's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

46. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

47. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of CyrusOne within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of CyrusOne and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the

Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

51. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

52. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to CyrusOne stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C. In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: January 17, 2022                                **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*